**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| | |
|---|---|
| CALVIN Z. GRIFFIN, | CAUSE NO. CV 06-155-M-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MIKE MAHONEY, | |
| Respondent. | |

This matter comes before the Court on Mr. Griffin's Petition for Writ of Habeas Corpus. (Document 1).

### PETITIONER'S ALLEGATIONS

In his petition, Mr. Griffin sets forth the following four claims: (1) a violation of his Sixth Amendment right to a fair and impartial judicial hearing; (2) a violation of his Eighth Amendment rights concerning bail; (3) a violation of his Fourteenth Amendment rights regarding equal protection and due process; and (4) a violation of his First Amendment right to access the courts. (Document 1, pp. 4-6). Mr. Griffin also filed a 79-page brief in support of his petition in which he specifically identifies each incident of how the above listed constitutional rights were violated. (Document 2).

In both his petition and his brief in support thereof, Mr. Griffin challenges his August 2, 2000 conviction for sexual abuse

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

of children.

## DISCUSSION

As demonstrated by a detail of Mr. Griffin's prior petitions, the current petition is barred by the second or successive petition rule of 28 U.S.C. § 2244(b)(2).

A.   First Petition filed April 29, 2003

Petitioner filed his first federal petition for writ of habeas corpus on April 29, 2003. (Griffin v. Mahoney, Civil Action No. 03-CV-72-M-LBE). In that petition, Mr. Griffin challenged the Department of Corrections' determination that he was not entitled to good time credit. Petitioner complained that he was denied due process of law and equal protection under the law and that the state violated the ex post facto clause by not allowing him to earn good time credit. (Griffin v. Mahoney, Civil Action No. 03-CV-72-M-LBE, Dkt. # 1-Petition, at pp. 5-6).

On January 23, 2004, this petition was denied after a finding that the state court's decision to deny Mr. Griffin relief was not contrary to federal law or involved an unreasonable application of federal law. (Griffin v. Mahoney, Civil Action No. 03-CV-72-M-DWM, Document 6).

B.   Second Petition filed November 13, 2003

On November 13, 2003, Petitioner filed his second petition for writ of habeas corpus with this Court. (Griffin v. Mahoney, Civil Action No. 03-CV-186-M-LBE). In that petition, Mr. Griffin

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

challenged his 2000 conviction pursuant to a guilty plea to ten counts of sexual abuse of children under Mont. Code Ann. § 45-5-625(1)(e). Mr. Griffin argued that the Montana Sex Offender Program's requirement that he write out his sexual fantasies demonstrated that the statute under which he was convicted of sexual abuse of children was void for vagueness. He submitted that he had been subjected to double jeopardy, forced to incriminate himself and had his First Amendment and Due Process rights violated.

The Court determined that this second petition was not a successive petition barred under 28 U.S.C. § 2244(b)(2) because Petitioner's prior petition (Cause No. 03-CV-00072-M-DWM) was a challenge to the state's denial of good time on his sentence. As his second petition challenged his original conviction, there was not a challenge to the same judgment and thus is not a second or successive petition. See Vasquez v. Parrott, 318 F.3d 387 (2nd Cir. 2003).

That petition was dismissed on its merits on July 26, 2004.

C. Third Petition filed December 18, 2003

Mr. Griffin's third petition, was filed on December 18, 2003. (Griffin v. Mahoney, Civil Action No. 03-CV-208). This petition was yet another challenge to Mr. Griffin's 2000 conviction pursuant to a guilty plea to ten counts of sexual abuse of children under Mont. Code Ann. § 45-5-625(1)(e). In

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

that petition, Mr. Griffin alleged ineffective assistance of counsel, Fourteenth Amendment violations, abuse of judicial discretion, due process violations, double jeopardy violations and a violation of the dual sovereignty doctrine.

The Court required Petitioner to file a motion with the Ninth Circuit Court of Appeals for an order authorizing this Court to consider his third petition. On December 15, 2004, the Ninth Circuit Court of Appeals denied Mr. Griffin's application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition. (Griffin v. Mahoney, Civil Action No. 03-CV-208, Document 10). Mr. Griffin's third petition was therefore denied for lack of jurisdiction on June 10, 2005.

D. Fourth Petition filed January 16, 2004

Mr. Griffin's fourth petition, was filed January 16, 2004. (Griffin v. Mahoney, Civil Action No. 04-CV-009). This petition was yet another challenge to Mr. Griffin's 2000 conviction and contained four claims in which he alleged that the trial judge who presided over his guilty plea, sentencing and petition for post-conviction relief was not an impartial tribunal.

The Court required Petitioner to file a motion with the Ninth Circuit Court of Appeals for an order authorizing this Court to consider his fourth petition. As with Petitioner's third petition, on December 15, 2004, the Ninth Circuit Court of Appeals denied Mr. Griffin's application for authorization to

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

file a second or successive 28 U.S.C. § 2254 habeas corpus petition. (Griffin v. Mahoney, Civil Action No. 04-CV-09, Document 10). Mr. Griffin's fourth petition was denied for lack of jurisdiction on June 28, 2005

### E. Fifth Petition filed August 23, 2004

Mr. Griffin's fifth petition, was filed on August 23, 2004. (Griffin v. Mahoney, Civil Action No. 04-CV-166). This petition was yet another challenge to Mr. Griffin's 2000 conviction and contained eight claims for relief including immunity from prosecution, violations of the dual sovereignty doctrine, the use of tainted evidence, self-incrimination violation, violation of the fruit of the poisonous tree doctrine, abuse of discretion, abuse of process and ineffective assistance of counsel.

The Court again required Petitioner to file a motion with the Ninth Circuit Court of Appeals for an order authorizing this Court to consider his fifth petition. Instead of complying with the Court's Order, Mr. Griffin filed a Notice of Appeal seeking to object to the manner in which the case had been construed by the Court. Having found that Mr. Griffin had not made the requisite showing to proceed with his successive claims, the Court dismissed the petition and denied a certificate of appealability on November 17, 2005.

### F. Sixth Petition filed August 26, 2005

Mr. Griffin argued in his sixth petition that he was

illegally denied parole on the basis that he had not completed sex offender treatment when the state trial court stated that it would not require that sex offender treatment be completed in prison. The Court did not find this petition to be a second or successive petition and denied it on the merits on August 9, 2006. (Griffin v. State of Montana, CV-05-144, Document 9). An Order denying a Certificate of Appealability was issued September 29, 2006. (Griffin v. State of Montana, CV-05-144, Document 12).

G. Applicable Law

The amendments to the habeas corpus statutes enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable to this case. Generally, under the AEDPA, "a new petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Specifically, 28 U.S.C. § 2244(b)(2) prohibits a claim made in a second or successive habeas corpus application that was not presented in a prior application unless the applicant can show that the claim relies on a new rule of constitutional law that was previously unavailable or that the factual predicate for the claim could not have been discovered previously.

Like Petitioner's third, fourth and fifth petitions, the claims raised in the most recent petition do not rely on a new rule of constitutional law that was previously unavailable. In

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

fact, many of the issues raised in this petition, are similar to if not the same as those raised in Petitioner's other petitions.

Secondly, Petitioner was aware of the factual predicate of the claims stated in the current petition prior to the submission and filing of his November 2003 petition and he could have raised those claims in his November 2003 petition.

Petitioner's second, third, fourth, fifth and seventh petitions challenge the same conviction and seek the same relief-release from custody. Therefore, the petition at issue is a "second or successive" petition.

Since this petition is a "second or successive" petition under Section 2244(b), the Court lacks jurisdiction to consider the merits of the petition. U.S. v. Allen, 157 F.3d 661, 664 (9th Cir. 1998); 28 U.S.C. § 2244(b)(4). While normally, this Court would allow Petitioner an opportunity to obtain an order from the Ninth Circuit Court of Appeals authorizing this Court to consider his present Petition (See 28 U.S.C. § 2244(b)(3)), it seems futile in this case. Mr. Griffin has previously been denied such permission to proceed and the Court can conceive of no reason why the result would be different in this case given the similarity in the issues presented.

Without appropriate leave of the appellate court this Court is without jurisdiction to hear the instant petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) and Nunez v.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

United States, 96 F.3d 990, 991 (7th Cir. 1996). Petitioner has not made the requisite showing to proceed with his successive claims and the action should be dismissed. 28 U.S.C. § 2244(b)(1), (2), and (4).

H. Certificate of Appealability

It will also be this Court's recommendation that a certificate of appealability be denied should Petitioner file a Notice of Appeal in this case. Mr. Griffin cannot appeal a ruling in his federal habeas petition action unless he first obtains a certificate of appealability (COA) as required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236, 240 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The "substantial showing" standard can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 8

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack, 529 U.S. at 483-484 (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor." Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (citing Lambright, 220 F.3d at 1025). In addition, a petitioner is not required to establish that he will prevail on the merits. Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n.4). Rather, the COA requirement seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025.

Any appeal in this matter would be frivolous given that the Ninth Circuit Court of Appeals has previously declined to grant Mr. Griffin permission to file a second or successive petition. There is no reason to treat this seventh all encompassing petition any differently than the previous successive petitions.

Based on the foregoing the Court hereby enters the following:

## RECOMMENDATION

The petition for writ of habeas corpus should be **DISMISSED** and a Certificate of Appealability should be **DENIED**.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 9

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of these Findings and Recommendation on Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 5th day of October, 2006.

_____
Jeremiah C. Lynch
United States Magistrate Judge